

# In The United States District Court

# For the Eastern District of Michigan

ANNE E. MITCHELL,

    *Plaintiff, pro se*

v.

Case: 2:14-cv-13185
Judge: Drain, Gershwin A.
MJ: Grand, David R.
Filed: 08-14-2014 At 12:35 PM
CMP MITCHELL V NAVARRO, ET AL (EB)

MONICA P. NAVARRO,

LOUIS C. SZURA,

SUZANNE D. NOLAN,

  *And the now defunct law practice of*

FRANK, HARON, WEINER,

AND NAVARRO, aka FRANK, HARON, WEINER (c/o DAVID L. HARON)

    *Defendants,*

## LEGAL MALPRACTICE COMPLAINT AND DEMAND FOR JURY TRIAL

This is a complaint filed by Anne E. Mitchell, pro se (*Plaintiff*) for relief against the *Defendants* for their negligent and incompetent legal representation in the case of "*United States of America, The States of Illinois, Indiana, Michigan, ex rel Anne Mitchell v. United Medical Systems (DE) et al. In the United States District Court for the Eastern District of Michigan Case No. 11-10090 (formerly Case No. 10C-6793 in N.D. Illinois).*"

2:14-cv-13185-GAD-DRG Doc # 1 Filed 08/14/14 Pg 2 of 14 Pg ID 2

2 | Page
Mitchell v. Navarro, et al.
U.S. District E. D. Michigan

# PARTIES

1. Anne E. Mitchell, *Plaintiff*, is a resident of the State of Illinois.

2. Monica P. Navarro, *Defendant*, is an attorney living and practicing in the State of Michigan.

3. Louis C. Szura, *Defendant*, is an attorney living and practicing in the State of Michigan.

4. Suzanne D. Nolan, *Defendant*, is an attorney living and practicing in the State of Michigan.

5. Frank, Haron, Weiner, and Navarro (c/o David L. Haron), *Defendant*s, was a law firm (now defunct) operating in the State of Michigan.

6. *Defendants* entered into a contract representing *Plaintiff* as a Relator in the *qui tam* complaint of note on or about June 2010, and ended their representation of Plaintiff on or after August 24, 2012.

# JURISDICTION AND VENUE

1. This civil action arises under the laws of the United States, and this Court is of the proper venue and jurisdiction because the parties reside in different states.

2. The original *qui tam* complaint in question (*U.S. E. D. Michigan Case No. 11-10090*) was brought to this Court.

2:14-cv-13185-GAD-DRG   Doc # 1   Filed 08/14/14   Pg 3 of 14   Pg ID 3

3 | P a g e
Mitchell v. Navarro, et al
U.S. District E. D. Michigan

## BACKGROUND

As the *Relator* in the aforementioned *qui tam* complaint, compelled by conscience, it was an obvious presumption to me, Anne Mitchell, (*Plaintiff, pro se*) that public interest overrode the selfish interests of the company and industry I served, and that the act of "whistleblowing" would be my professional suicide but was the only means for achieving peace of mind following discovery of my own unwitting participation in deadly, horrific medical fraud purposely and painstakingly hidden from public view by highly organized physician-owned-and-operated enterprises.

1. *Plaintiff* discovered and was the original source to reveal widely corrupt, highly contemptible, fraudulent, conspiratorial, masterfully concealed, illegal, distinctly harmful, and morally indefensible activity adversely affecting the medical care and endangering the lives of millions of U.S. citizens without their consent,

2. *Plaintiff* entirely intended the principle goal by filing a *qui tam* complaint as a whistleblower was to inform and warn the government of a serious and significant safety issue, - costly, excessive, unnecessary, extensive, and intentional endangerment of people's lives - fully knowing that the government had no knowledge of the obfuscated extent of the harm, fraud, and the cover-up by the *qui tam Defendants* acting in concert. Secondarily, *Plaintiff* intended to reveal that the <u>purpose</u> behind the cover-up of these dangers were highly unusual profit schemes waged through extraordinary means to pay urologists Billions of Dollars in kickbacks. Highly sophisticated cooperatives, carefully planned between competing urologists and many others, were formulated for performing UESWL procedures in patient volumes that were extremely excessive and unnecessary

2:14-cv-13185-GAD-DRG  Doc # 1  Filed 08/14/14  Pg 4 of 14  Pg ID 4

4 | Page
Mitchell v. Navarro, et al.
U.S. District E.D. Michigan

by misrepresenting and intentionally concealing the honest and serious risks for adverse effects from their patients and the public, all the while having knowledge that the procedure/device was either entirely unsafe for use, or grossly mislabeled by the FDA for its dangerous adverse effects. The actual "False Claims" in *Plaintiff's qui tam* complaint were in fact made when urologists and their conspirators claimed and broadly misrepresented that the procedure known as *Urinary Extracorporeal Shockwave Lithotripsy (UESWL)* is "safe," all the while <u>*concealing*</u> what they knew to be true - that it is largely unsafe with serious, deleterious, life-threatening, costly, undisclosed adverse effects. The *qui tam Defendants* made these "False Claims," <u>***lying***</u> in calculated, dangerous, and highly strategic ways in order instead to permit and protect broad and harmfully unreasonable clinical discretion for gaining substantial personal benefit from extraordinary fraudulent profit from the government and taxpayers.

3. The overarching and dominant *purpose* for concealing highly consequential, dangerous, life-altering public safety hazards by the *qui tam Defendants* was for them to gain and protect these highly unusual and extraordinary profits amounting to Billions of U.S. Dollars made via the masterful kickback schemes they constructed and legislation they purchased with the dirty money.

## ALLEGATIONS

1. As advocates, the *Defendants* did not act responsibly in the best interest of their client, the *Plaintiff*, or in the best interest of the public. This caused great harm to both.

2. The *Defendants'* own interests in the *qui tam* complaint not only had substantial adverse effects on the *Plaintiff*, but on broad and common public health interests. Without

2:14-cv-13185-GAD-DRG Doc # 1 Filed 08/14/14 Pg 5 of 14 Pg ID 5

6 | Page
Mitchell v. Navarro, et al.
U.S. District E.D. Michigan

4. The *Defendants* acted negligently by failing to disclose, include, and explain the most substantive material facts by the Relator in the *qui tam* complaint as asserted by the *Plaintiff* - that Billions of Dollars in kickbacks are the *purpose* behind large-scale, broad-in-scope collusion to conceal grave, serious, and very costly public safety problems with the UESWL technology being used on patients in the business schemes constructed by these American urologists and others in the *qui tam* complaint. These safety problems cause very costly, unnecessary, debilitating, life-altering chronic and acute diseases, premature death, and death, and the significant risks are being concealed by the *qui tam Defendants* from their patients, the public, and from the FDA. The *qui tam Defendants* above all make serious False Statements and False Claims concerning safety which cause grave harm and unmeasurable cost to the government and to taxpayers. The *Plaintiff* also asserted the grave safety hazards are being concealed from the larger medical community via publication of fraudulently deceptive peer-reviewed medical studies and maligned, intentional neglect by the *qui tam Defendants* to reveal and honestly address the known safety hazards in the medical literature. These material facts, that *qui tam Defendants* acted corruptly without concern, responsibility, or honest disclosure of the serious harm they were causing their patients, intentionally endangering their patients without adequate disclosure of the risk and harm in order to protect their highly unusual business schemes, were *the* distinct purpose behind the *Plaintiff* coming forward as a "whistleblower." What makes this all so dangerous is that these men involved in these outrageous kickback schemes causing such grave harm from their highly corrupted medical judgment are very intelligent and with all their Billions in ill-gotten wealth are now very powerful and

therefore did not act in her best interests or in the best interest of the public. These failures caused great harm.

7. The *Defendants* constructed the *qui tam* complaint in a sloppy, shoddy manner, making it not only woefully deficient, difficult to comprehend, and to appear frivolous and unjustified, but making it impossible for the *U.S. Department of Justice* to judge and decide the actual, reasonable, and accurate extent of breaches by the *qui tam Defendants* as alleged by the Relator, and therefore to decide their willingness and overall interest to intervene based on the evidence.

8. The confusing, misguided, and deficient manner in which the *Defendants'* constructed and executed the *qui tam* complaint, whether by incompetence or on purpose, resulted in great personal and professional losses for the *Plaintiff*, and has perpetuated the unnecessary continuation of serious public endangerment over years of time.

9. The *Defendants* forced the *Plaintiff* to dismiss the *qui tam* complaint out of their own self-interest, by asserting that she would never again be able to find another attorney to represent her in the claim once the *U.S. Department of Justice* declined involvement. The *Defendant*, Louis C. Szura, specifically then explained to *Plaintiff* that she had legal standing only within 90-days following dismissal of the complaint to find legal representation and proceed to prosecute the complaint. Mr. Szura reasserted to the *Plaintiff* she would never be able to find another attorney and pressured her relentlessly to "voluntarily" dismiss the complaint, and this, rather than advancing the interests of the public and their client, the *Plaintiff*, likely instead was meant to preserve *Defendants'* personal interests for maintaining their good working relationship with the *U.S. Department of Justice*. However, these *Defendants* neglected in the first place to disclose

2:14-cv-13185-GAD-DRG Doc # 1 Filed 08/14/14 Pg 7 of 14 Pg ID 7

7 | Page
Mitchell v. Navarro, et al.
U.S. District E.D. Michigan

motivated to deceive. The *Defendants* did not properly represent these material facts by the Relator (*Plaintiff*) in the *qui tam* complaint.

5. Additionally, the *Defendants* did not properly integrate and include material facts disclosed by the Relator (*Plaintiff*) that the dangerous and highly profitable business schemes had garnered "protection" via highly sophisticated collusion amongst competing factions of these UESWL enterprises via the organizations, Super-PACs, and lobbies they created for that purpose, such as the *American Lithotripsy Society* and the *Council for Urological Interests*, and the lobbyists they employed together in order to create and forge legislation to keep the highly profitable schemes growing and the serious public dangers intentionally concealed. The broad scope of the fraud the Relator (*Plaintiff*) disclosed to the *Defendants* was as a result of a *Racketeer Influenced Corrupt Organization* of urologists and related figures on a national scale, and the original *qui tam* complaint filed by the *Defendants* on the *Plaintiff's* behalf should have reflected all her concise material allegations and assertions concerning these masterful schemes as under *RICO*.

6. The *Defendants* misled the *Plaintiff*, either by incompetence or on purpose, to believe that she had "no legal standing" in a *qui tam* complaint to reveal that <u>highly unusual profits</u> gained in the *qui tam Defendants'* sophisticated schemes were the <u>purpose behind concealment of deadly public safety issues</u>. Regardless of their reasons, the *Defendants* did not use competent, accurate, or reasonable legal judgment, misrepresented to the *Plaintiff* the scope of her legal standing in the complaint, did not disclose the *Plaintiff's* material facts and original allegations as the *qui tam* Relator in the complaint, and

therefore did not act in her best interests or in the best interest of the public. These failures caused great harm.

7. The *Defendants* constructed the *qui tam* complaint in a sloppy, shoddy manner, making it not only woefully deficient, difficult to comprehend, and to appear frivolous and unjustified, but making it impossible for the *U.S. Department of Justice* to judge and decide the actual, reasonable, and accurate extent of breaches by the *qui tam Defendants* as alleged by the Relator, and therefore to decide their willingness and overall interest to intervene based on the evidence.

8. The confusing, misguided, and deficient manner in which the *Defendants'* constructed and executed the *qui tam* complaint, whether by incompetence or on purpose, resulted in great personal and professional losses for the *Plaintiff*, and has perpetuated the unnecessary continuation of serious public endangerment over years of time.

9. The *Defendants* forced the *Plaintiff* to dismiss the *qui tam* complaint out of their own self-interest, by asserting that she would never again be able to find another attorney to represent her in the claim once the *U.S. Department of Justice* declined involvement. The *Defendant*, Louis C. Szura, specifically then explained to *Plaintiff* that she had legal standing only within 90-days following dismissal of the complaint to find legal representation and proceed to prosecute the complaint. Mr. Szura reasserted to the *Plaintiff* she would never be able to find another attorney and pressured her relentlessly to "voluntarily" dismiss the complaint, and this, rather than advancing the interests of the public and their client, the *Plaintiff*, likely instead was meant to preserve *Defendants'* personal interests for maintaining their good working relationship with the *U.S. Department of Justice*. However, these *Defendants* neglected in the first place to disclose

the critical, substantive, material facts alleged by the Relator (*Plaintiff*) to the *U.S. Department of Justice* to affect their informed decision to intervene. The *Defendants* failed to provide material information from the Relator to the *U.S. Department of Justice*. After dismissal of the *qui tam* complaint, the *U.S. Department of Justice* refused to speak with the Relator (*Plaintiff*) directly about these material facts.

10. *Plaintiff*, out of abject desperation and horror for what she had discovered, then filed a formal complaint on her own with the *U.S. Food and Drug Administration* (FDA complaint - CDRH CPT #1300384) in July 2013 concerning her serious allegations of disastrous public safety problems and their extensive and masterful concealment, which remains as an ongoing investigation now and is being taken very seriously by the FDA.

11. *Plaintiff* expected that by following the rules for disclosing the serious nature of harm and fraud she discovered that she would have rights under U.S. laws as a "whistleblower."

## **PRAYER FOR RELIEF**

For negligent, incompetent, deceptive, and misleading legal representation, and the extensive damage and harm this has caused for otherwise obtaining a just result, the *Plaintiff* respectfully requests this Court enter a judgment against the *Defendants* for the following in damages to the *Plaintiff*:

1. Twenty Million U.S. Dollars, $20,000,000.00, including her personal losses, professional losses, damage to reputation, and emotional distress,

2. All reasonable expenses, associated costs, legal and otherwise,

3. The maximum in any and all penalties allowed by this Court and any additional relief deemed proper.

# DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all claims alleged herein.

Dated: *August 10, 2014*

Respectfully submitted,

By: _____

Anne Mitchell, Plaintiff, *pro se*

Anne Mitchell

PO Box 3249

Oak Park, IL   60303

(708) 763-0501 Phone

(312) 771-2061 Mobile

ae_mitchell@comcast.net

# New Lawsuit Check List

Instructions: Put a check mark in the box next to each appropriate entry to be sure you have all the required documents.

- [x] Two (2) completed **Civil Cover Sheets**.

- [x] Enter the number of defendants named in your lawsuit in the blank below, add 2 and then enter the total in the blank.

    __5__ + 2 = __7__ Complaints.
    # of Defendants     Total

    Received by Clerk: _EB_  Addresses are complete: ✓

Case: 2:14-cv-13185
Judge: Drain, Gershwin A.
MJ: Grand, David R.
Filed: 08-14-2014 At 12:35 PM
CMP MITCHELL V NAVARRO, ET AL (EB)

- [ ] If any of your defendants are **government agencies**:
  Provide two (2) extra copies of the **complaint** for the U.S. Attorney and the Attorney General.

## If Paying The Filing Fee:

- [ ] Current new civil action filing fee is attached.

    Fees may be paid by check or money order made out to:

    *Clerk, U.S. District Court*

    Received by Clerk: _____ Receipt #: _____

## If Asking That The Filing Fee Be Waived:

- [x] Two (2) completed **Application to Proceed in District Court without Prepaying Fees or Costs** forms.

    Received by Clerk: _EB_

### Select the Method of Service you will employ to notify your defendants:

| Service via Summons by Self | Service by U.S. Marshal (Only available if fee is waived) | Service via Waiver of Summons (U.S. Government cannot be a defendant) |
|---|---|---|
| [x] Two (2) completed **summonses** for each defendant including each defendant's name and address.  Received by Clerk: _EB_ | [ ] Two (2) completed **USM – 285 Forms** per defendant, if you are requesting the U.S. Marshal conduct service of your complaint.  [ ] Two (2) completed **Request for Service by U.S. Marshal** form.  Received by Clerk: _____ | [ ] You need not submit any forms regarding the Waiver of Summons to the Clerk.  Once your case has been filed, or the Application to Proceed without Prepaying Fees and Costs has been granted, you will need: <br>• One (1) **Notice of a Lawsuit and Request to Waive Service of a Summons** form per defendant. <br>• Two (2) **Waiver of the Service of Summons** forms per defendant.  Send these forms along with your filed complaint and a self-addressed stamped envelope to each of your defendants. |

### Clerk's Office Use Only

Note any deficiencies here:

Rev. 4/13



Rev. 12/12

# CIVIL COVER SHEET

County in which action arose: Oakland

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Anne E. Mitchell, pro se

**(b)** County of Residence of First Listed Plaintiff: Cook, IL USA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro se.

## DEFENDANTS
Monica P. Navarro, Louis C. Szura, Suzanne D. Nolan, and the (now defunct) Law Firm of Frank, Haron Weiner, and Navarro, aka Frank, Haron, Weiner (c/o David L. Haron)

County of Residence of First Listed Defendant: Oakland
*(IN U.S. PLAINTIFF CASES ONLY)*

NOT

At

Not

Case: 2:14-cv-13185
Judge: Drain, Gershwin A.
MJ: Grand, David R.
Filed: 08-14-2014 At 12:35 PM
CMP MITCHELL V NAVARRO, ET AL (EB)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Diversity

Brief description of cause:
Legal Malpractice

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 20,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE: Hon. Victoria Roberts
DOCKET NUMBER: 11-CV-10090

DATE: August 11, 2014
SIGNATURE OF ATTORNEY OF RECORD: *Anne Mitchell, Pro se*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☒ Yes  ☐ No

   If yes, give the following information:

   Court: US District E.D. Michigan

   Case No.: 2:11-cv-10090

   Judge: Hon. Victoria Roberts

Notes :