UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANNE E. MITCHELL,

        Plaintiff,

vs.

        Case No. 14-cv-13185
        HON. GERSHWIN A. DRAIN

MONICA P. NAVARRO, *et al.*,

        Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* [#2] AND DISMISSING ACTION

Plaintiff, Anne E. Mitchell, filed her original complaint on August 14, 2014, as well as an application to proceed *in forma pauperis*. *See* Dkt. Nos. 1 and 2. Upon review of the application, the court is persuaded that Plaintiff is unable to pay the fees associated with the filing of her complaint. Plaintiff's application to proceed without the prepayment of fees, or *in forma pauperis* ("IFP"), is hereby GRANTED. *See* 28 U.S.C. § 1915(a)(1). However, this cause of action is subject to dismissal because Plaintiff has failed to state a claim upon which relief may be granted.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Nonetheless, the court is required by statute to dismiss an in forma pauperis complaint if it (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.

Ct. 1827, 104 L. Ed. 2d 338 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id*. at 327-28. A complaint fails to state a claim upon which relief may be granted if, while viewing the facts in the light most favorable to plaintiff, it is clear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

Plaintiff's Complaint alleges legal malpractice against various attorneys for purportedly mishandling a *qui tam* action wherein Plaintiff was the Relator. *See United States of America ex rel. Anne E. Mitchell v. United Medical Systems (DE), Inc., et al.*, No. 11-10090. In the *qui tam* action, Plaintiff asserted that one of the named defendants was involved in an illegal kickback scheme involving lithotripsy health services. Plaintiff asserts in the present action that Defendants "acted negligently by failing to disclose, include, and explain the most substantive material facts by the Relator in the *qui tam* complaint . . . ." *See* Compl., ¶ 4. She further alleges that:

> The confusing, misguided, and deficient manner in which the Defendants' constructed and executed the *qui tam* complaint, whether by incompetence or on purpose, resulted in great personal and professional losses for the Plaintiff, and has perpetuated the unnecessary continuation of serious public endangerment over years of time.

*Id.*, ¶ 8. Plaintiff further claims that Defendants "pressured her relentlessly to 'voluntarily' dismiss the complaint . . . ." *Id.*, ¶ 9. Plaintiff seeks $20,000,000.00 in damages.

Plaintiff fails to state a claim upon which relief may be granted. A *qui tam* action brought under the False Claims Act "remains the interest of the United States, even if it chooses not to intervene in an action brought by a relator." *United States ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 18-19 (D.D.C. 2003). Plaintiff does not have standing to bring her state law claim of legal malpractice on behalf of the United States, the real party in interest in an action

brought under the False Claims Act.  *See Kusner v. Hepburn, Willcox, Hamilton & Putnam*, No. 00-6313, 2001 U.S. Dist. LEXIS 24209 (E.D. Pa. Nov. 21, 2001) ("[T]he FCA does not give relators the right to assert common law claims on behalf of the United States."); *United States ex rel. Walsh v. Eastman Kodak Co.*, 98 F. Supp.2d 141, 149 (D. Mass 2000) (same).  Because Plaintiff cannot assert common law claims on behalf of the United States, her Complaint fails to state a cause of action.

Even if Plaintiff's state law claim was properly before this Court, her claim would still be subject to dismissal.  In order to state a claim for legal malpractice, Plaintiff must allege: (1) the existence of an attorney-client relationship; (2) negligent legal representation of the plaintiff; (3) that the negligence proximately caused an injury; and (4) the fact and extent of the injury alleged.  *Simko v. Blake*, 448 Mich. 648, 655; 532 N.W. 2d 842 (1995).  Proximate cause has two components: (1) cause-in-fact, and (2) proximate or legal cause.  *Craig v. Oakwood Hosp.*, 471 Mich. 67, 86; 684 N.W. 2d 296 (2006).  In other words, in order to plausibly allege the causation element of her legal malpractice claim, Plaintiff was required to allege that "but for [Defendants'] alleged malpractice,[she] would have been successful in the underlying suit." *Manzo v. Petrella*, 261 Mich. App. 705, 712; 683 N.W. 2d 699 (2004).  Plaintiff's allegations are devoid of plausible facts demonstrating that, but for Defendants' purported misconduct, Plaintiff would have been successful in her *qui tam* action.

Accordingly, Plaintiff's Application to Proceed *in Forma Pauperis* [#2] is GRANTED.  However, because Plaintiff cannot state a claim upon which relief may be granted, this cause of action is dismissed.  28 U.S.C. § 1915(e)(2)(B).

SO ORDERED.

14-13185 Mitchell v. Navarro, et al

Dated: August 20, 2014

                                              S/Gershwin A. Drain
                                              Gershwin A. Drain
                                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 20, 2014, by electronic and/or ordinary mail.

/s/Sakne Chami
Deputy Clerk