UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANNE E. MITCHELL,

        Plaintiff,

v.

Case No. 14-cv-13185
HON. GERSHWIN A. DRAIN

MONICA P. NAVARRO,
LOUIS C. SZURA,
SUZANNE D. NOLAN,
FRANK, HARON, WEINER, AND NAVARRO
*also known as* FRANK, HARON, WEINER,

        Defendants.
_____/

### OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR COURT-APPOINTED COUNSEL [#6]

**I.   INTRODUCTION**

On August 14, 2014, Plaintiff, Anne Mitchell ("Mitchell" or "Plaintiff"), proceeding *pro se*, filed a Complaint, alleging legal malpractice against her former attorneys who represented her in a *qui tam* action, in which Plaintiff was the Relator.[1] Dkt. No. 1. On August 20, 2014, this Court entered an order dismissing Plaintiff's action for failure to state a claim upon which relief may be granted.  Dkt. No. 3.  On August 28, 2014, Plaintiff filed a Notice of Appeal and a Motion to Request Court-Appointed Counsel for Plaintiff. Dkt. No. 6.  For the reasons herein, the Court will deny Plaintiff's Motion to Appoint Counsel.

---

[1] In *United States of America ex rel. Anne E. Mitchell v. United Medical Systems (DE), Inc., et al.*, the Court resolved the *qui tam* action, for which the Plaintiff now seeks redress through a legal malpractice action. In the *qui tam* action, Plaintiff alleged that one of the named defendants was involved in an illegal kickback scheme involving lithotripsy health services. This Court dismissed the action, and Plaintiff in the instant action now asserts that the *qui tam* complaint should have included a false claims allegation under the federal False Claims Act. Plaintiff now further alleges that the present Defendants negligently excluded this claim, for which she asserts was the intended principal cause of action in the *qui tam* complaint.

## II. LAW AND ANALYSIS

### A. Standard of Review

The United States Code states: "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointment of counsel in a civil case, however, is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (quoting *Mekdeci v. Merrell Nat'l Labs.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1985)). The Sixth Circuit has held that, "[t]he appointment of counsel to civil litigants is a decision left to the sound discretion of the district court," *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992), and is a privilege justified only by exceptional circumstances. *Lavado*, 992 F.2d at 606 (quoting *Lopez v. Reyes*, 692 F.2d 15, 17 (11th Cir. 1985)).

To determine whether "exceptional circumstances" are present, courts should examine "the type of case and the abilities of the plaintiff to represent himself." *Id.* (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)). This determination involves examining the "complexity of the factual and legal issues involved." *Id.* (quoting *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986)). Finally, a court must also evaluate the likelihood of success of the plaintiff's claim. The Sixth Circuit has held that appointment of counsel is inappropriate when a *pro se* litigant's claims are either frivolous, or when the chances of success are extremely slim. *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985) (citations omitted); *see also Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985) ("[T]he district courts, in considering an application for appointment of counsel, should at least consider plaintiff's financial resources, the efforts of plaintiff to obtain counsel, and whether plaintiff's claim appears to have any merit."). A claim is considered "frivolous" if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In addition, a frivolous

claim is one that lacks merit, is baseless, or with factual allegations that can be described as "fanciful," "fantastical," or "delusional." *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A finding of frivolousness is proper when "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. *Id.* at 33.

### B. Plaintiff's Motion for Court-Appointed Counsel for Litigation of Legal Malpractice Claim

#### 1. *Plaintiff's Claims Have an Extremely Slim Chance for Success*

The type of exceptional circumstances that would warrant an appointment of appellate counsel is not present in this case. Under the Sixth Circuit's ruling in *Mars*, a court is not justified in appointing counsel to a civil litigant if the litigant's claim are either frivolous or have an extremely slim chance of success. 752 F.2d at 256 (citation omitted).

In order to determine whether the Court would be proper in granting Plaintiff's Motion to Appoint Counsel, the Court must examine the likelihood of success of the plaintiff's legal malpractice claim. Under Michigan law, a plaintiff must satisfy the following four elements to prevail on a legal malpractice claim: "(1) the existence of an attorney-client relationship; (2) negligence in the legal representation of the plaintiff; (3) that the negligence was a proximate cause of an injury; and (4) the fact and extent of the injury alleged." *McKenzie v. Berggren*, 99 Fed.Appx. 616, 619 (6th Cir. 2004) (quoting *Coleman v. Gurwin*, 503 N.W.2d 435, 436-37 (Mich. 1993)). This Court passes on determining whether the Plaintiff's claims are frivolous and, as a result, does not decide whether the claim is without arguable merit. Instead, the Court finds that Plaintiff's likelihood of success on the claim are extremely slim.[2]

---

[2] In determining whether to appoint counsel for civil litigants, courts in the Sixth Circuit have adopted the frivolousness standard used in determining if an *in forma pauperis* complaint should be dismissed; therefore a "frivolous" claim is one that indisputably lacks merit or is baseless. *See Denton*,

Plaintiff specifically alleges, in her August 14 Complaint, that Defendants – Monica Navarro, Louis Szura, Suzanne Nolan, and the law firm, Frank, Haron, Weiner, and Navarro – negligently failed to disclose, include, and explain the most material allegations in her *qui tam* action, *United States of America ex rel. Anne E. Mitchell v. United Medical Systems (DE), Inc.*. She further alleges that but for the Defendants' negligence, she would have been afforded protections, which exist under the False Claims Act, for whistleblowers. Plaintiff claims that as a result of Defendants' negligence to competently set forth her legal claims in the *qui tam* action, she has suffered the loss of her career, her home, her savings, and her healthcare benefits, which has had an especially profound impact on her wellbeing as she was diagnosed with cancer in 2011. *Id.* at 5. Plaintiff also expresses her loss of life's joys as well as her personal and professional reputation as a result of the Defendants' alleged negligence. *See id.*

Ultimately, Plaintiff will have to demonstrate, under the causation prong of the legal malpractice inquiry, that but for the Defendant's omission of the false claims allegation, stated allegation would have succeeded. In addition, under the False Claims Act's whistleblower provision, if Plaintiff would have alleged that she was discharged from her job due to employer retaliation, she would have had to specifically demonstrate that she was engaged in a protected

---

504 U.S. at 32-33. This Court would like to note that, in *Neitzke*, the Supreme Court held that in determining whether an *in forma pauperis* complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim or under for frivolousness within the meaning of 28 U.S.C. § 1915(e), (formerly § 1915(d)), does not undergo the same analysis. *See* 490 U.S. at 326. The frivolousness standard allows for dismissal only if the petitioner cannot make any rational argument in law or fact which would entitle him or her to relief and is a more lenient standard than Rule 12(b)(6). *Id.* at 322-23. The court illustrated that a failure to state a claim "does not invariably mean that the claim is without arguable merit," despite its unlikelihood of success. *Id.* at 329. There is, however, considerable common ground between the two standards. *See, id.* at 328. While this Court has dismissed Plaintiff's original legal malpractice action under Rule 12(b)(6), the Court passes on the question of whether the claim is also frivolous. Instead the Court concludes that the present legal question should be decided on the claim's likelihood of success, which as explained in this section, is invariably aligned with the reasoning provided in the August 20 dismissal order.

activity and that her employer knew about it. *U.S. ex. rel. McKenzie v. BellSouth Telecommc'ns, Inc.*, 123 F.3d 935, 944 (6th Cir. 1997) (citations omitted).

Under § 3730(h) of the False Claims Act, relief would have only been provided if "the whistleblower, [Anne Mitchell], can show by a preponderance of the evidence that the employer's retaliatory actions resulted 'because' of the whistleblower's participation in a protected activity." *Id.* (citation omitted). In other words, Plaintiff would not have been automatically protected by the whistleblower provision. She would have had to further prove that she was discharged because of the filing of her *qui tam* lawsuit. As stated in the Order Dismissing the Action, "Plaintiff was required to allege that "but for [Defendants'] alleged malpractice, [she] would have been successful in the underlying suit." *Manzo v. Petrella*, 261 Mich. App. 705, 712 (2004). Plaintiff has not put forth any plausible facts that would demonstrate that but for defendants' alleged misconduct, that she would have been successful in her *qui tam* action. Additionally, Plaintiff has not provided any plausible facts that she would have been afforded the protections that the False Claims Act whistleblower provision offers to those who demonstrate retaliatory action. Therefore, based on the factual allegations, Plaintiff will have a slim chance of success on the merits of her legal malpractice claim.

### 2. *Plaintiff and Legal Circumstances Do Not Mandate Appointment of Counsel*

This Court must also evaluate whether Anne Mitchell has the ability to represent herself and whether her legal malpractice claim is the type of case that justifies appointment of counsel. In evaluating whether to appoint a civil litigant counsel, the courts should examine "the type of case and the abilities of the plaintiff to represent [her]self." *Id.* (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)). This determination involves examining the "complexity of the factual and legal issues involved." *Id.*

The Plaintiff requests the assignment of appellate counsel on the ground that she will need counsel in order to properly construct a legal malpractice appeal that, in form, complies with the law. *See* Pl.'s Mot. Appoint Counsel 7.  To support her request for counsel, Plaintiff mentions that she is currently unemployed, has lost her home, her savings, and healthcare benefits, and most notably, was diagnosed with cancer in 2011.  The Court acknowledges Plaintiff's present hardships, and the impact that these circumstances have on the Plaintiff's ability to obtain counsel.  Plaintiff has clearly demonstrated her indigence, and it is evident that Plaintiff would be hard-pressed to obtain counsel in light of the difficult financial times upon which she has fallen.

The factual and legal circumstances at the center of this case, however, are straightforward. Plaintiff contends that the Defendants neglected to "recognize and competently relate the breadth and seriousness of [her] complaint to the U.S. Government." Mot. to Request Court Appointed Counsel for Pl. 5. Plaintiff specifically argues that Defendants failed to represent a principal cause of action in the *qui tam* complaint – a false claims allegation – and for this reason, her original complaint was dismissed because it lacked merit. *Id.* at 2, 6. As a result, Plaintiff brings the present suit for legal malpractice.  This type of suit is less complex than cases in which courts have found appointment of counsel to be not necessary. *See, e.g.*, *Garrison v. Michigan Dep't of Corr.*, 333 Fed.Appx. 914, 916 (6th Cir. 2009) ("The plaintiffs cited several factors to support their request [for counsel], including the merit of the case, the complexity of the [class certification] issues, that fact that three out of four of them were uneducated, and the fact that one plaintiff had already been transferred to another [corrections] facility, thus making communication about their suit difficult. The court, however, determined that appointment of counsel was not necessary to a proper presentation of plaintiffs' case."). In addition, the factual

claims are neither complicated nor numerous and, in fact, have been addressed to a significant degree by this Court. *See* Order Granting Pl.'s Appl. to Proceed *in Forma Pauperis* [#2] and Dismissing Action Aug. 20, 2014.

As a final matter, Plaintiff emphasizes her need for a representative to competently express her legal issues in form, not necessarily in substance. *See* Mot. to Request Court Appointed Counsel for Pl. 7. This Court believes that Plaintiff is competent enough to express her grievances in substance and in form without the appointment of counsel. In conjunction with the Court's examination of the merits of her legal malpractice claim, granting Plaintiff's motion to appoint counsel would not be proper. After thoughtful consideration, this Court concludes that the type and nature of the Plaintiff's allegations, its complexity, and Plaintiff's ability to litigate the claim does not sufficiently justify appointment of counsel.

### III.  CONCLUSION

Plaintiff has not demonstrated the exceptional circumstances necessary to justify appointment of counsel to a civil litigant. For the reasons stated above, Plaintiff's Motion to Appoint Counsel is DENIED.

IT IS SO ORDERED.

Dated:  October 7, 2014               /s/Gershwin A Drain
                                      GERSHWIN A. DRAIN
                                      US DIST COURT JUDGE